IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-971-GPM |
| ) | |
| ROGER MULCH and MS. CONNAWAY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Justin Jackson, formerly a detainee in the Jefferson County Justice Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis* (Doc. 2), and the Court finds that he is indigent and unable to pay the full filing fee in advance; therefore, leave to proceed *in forma pauperis* is **GRANTED**.[1]

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1]Jackson was released from custody shortly after filing this action. Therefore, the Court cannot assess and collect a filing fee from his prison trust account. *See* 28 U.S.C. § 1915(b).

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Jackson states that upon his arrival at the Jackson County Justice Center on November 8, 2009, he was placed in a cell block with several inmates from Chicago.  They made threats to harm him, so in desperation he tried to drown himself in the toilet.  Defendant Connaway ordered him placed in a restraint chair, where he was kept for over five hours.  During that time, he was not provided with any sustenance or medical attention, nor was he allowed to use the bathroom.  Jackson alleges that this treatment constitutes cruel and unusual punishment, in violation of his constitutional rights.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Generally, confinement of pretrial detainees may not be punitive because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective."  *Id.* at 539; *see also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991).  Although § 1983 claims brought by detainees arise under the Fourteenth Amendment rather than the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment

(detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's Cruel and Unusual Punishments Clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element, establishing a defendant's culpable state of mind. *Id.*

A detainee has no constitutional right to confinement in comfort. *See Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988) (detainee has no right to a pillow, new tennis shoes, or frequent laundry service). Although the conditions described by Jackson were unpleasant and uncomfortable, he admits that he was subjected to these conditions for only a few hours. "The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985), *quoting Bell v. Wolfish*, 441 U.S. at 542.

Moreover, Jackson fails to allege any injury that would give rise to damages. In the Seventh Circuit, a tort, constitutional or otherwise, cannot be maintained without an injury. *Niehus v. Liberio*, 973 F.2d 526, 532 (7th Cir. 1992). Because Jackson has not alleged any injury resulting from a few hours in the restraint chair, he has not stated a claim on which relief may be granted.

Finally and additionally, the complaint lacks allegations sufficient to establish intent on the part of Defendants. The Supreme Court announced the applicable standard: "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of

confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Indeed, "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id.*  A reading of the complaint suggests that Connaway placed Jackson in the chair not as punishment, but to protect him from harming himself.  This is far from the deliberate indifference required to state an Eighth Amendment claim. *See Hart v. Sheahan*, 396 F.3d 887, 893 (7th Cir. 2005).

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Jackson is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  06/04/10

s/ *G. Patrick Murphy*

G. PATRICK MURPHY
United States District Judge